UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
LOUIS EVANGELISTA,

              Petitioner,

              -against-

UNITED STATES OF AMERICA,

              Respondent.
----------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-5085

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★       2012    ★

LONG ISLAND OFFICE

APPEARANCES:

    LARUSSO & CONWAY, LLP
    BY: ROBERT O. LARUSSO, ESQ.,
        JOSEPH R. CONWAY, ESQ.
    Attorneys for Petitioner
    300 Old Country Road, Suite 341
    Mineola, New York 11501

    LORETTA E. LYNCH, ESQ.,UNITED STATES ATTORNEY
    BY: DEMETRI M. JONES, ESQ., ASSISTANT UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    Attorneys for Respondent
    610 Federal Plaza
    Central Islip, New York 11722

WEXLER, District Judge

In October of 1996, Petitioner Louis Evangelista ("Petitioner" or "Evangelista") was convicted after a jury trial, of tax evasion. Evangelista was thereafter sentenced to a 51 month term of imprisonment. Evangelista's conviction was affirmed on appeal, United States v. Evangelista, 122 F.3d 112 (2d Cir. 1997). Further direct review by way of certiorari was denied. Evangelista v. United States, 522 U.S. 1114 (1998). Evangelista thereafter sought a writ of habeas corpus which was also denied. See Evangelista v. Ashcroft, 232 F. Supp.2d 30 (E.D.N.Y. 2002). That judgment was affirmed, Evangelist v. Ashcroft, 359 F.3d 145 (2d Cir. 2004), and

certiorari was denied, Evangelista v. Gonzales, 543 U.S. 1145 (2005).

Presently before the court is Evangelista's petition for a writ of error coram nobis. Like his prior direct and collateral appeals, this application is also denied.

## BACKGROUND

I. Evangelista's Background and Prior Proceedings

Evangelista is a native of Italy who has been a lawful permanent resident of the United States since 1961. Although Evangelista never became a citizen of this country, his wife is a naturalized United States citizen. His five adult children were all born in this country and remain residents of the United States.

As noted, in October of 1996, Evangelista was convicted, after a jury trial, of several counts of tax evasion. Specifically, Evangelista was convicted of conspiracy to impede the IRS in collection of income and payroll taxes in violation of 18 USC § 371, failure to collect or pay income/FICA taxes in violation of 26 USC § 7202, and attempt to evade or defeat tax in violation of 26 USC § 7201. Evangelista appealed his conviction, which was affirmed by the Second Circuit Court of Appeals. Affirming the conviction, the Second Circuit rejected Evangelista's claim that he was entitled to particularized instructions with respect to the issue of willfulness and, instead, endorsed this court's instruction as to that issue. Evangelista, 122 F.3d at 116. The appellate court also reaffirmed that the proper statute of limitations for offenses under 26 U.S.C. §7202 ("Section 7202") is six years, and rejected a defense argument based upon alleged prosecutorial misconduct. Id. at 120. Finally, the court held that Section 7202 is violated where the taxpayer willfully failed to either "account for" or to "pay over" taxes due. Id. at 121.

In 1999, while his direct appeal was pending, Evangelista was placed in removal

proceedings by the INS.[1] The government's decision to seek to remove Evangelista from this country was based upon his conviction of an aggravated felony. See 8 U.S.C. §1101(a)(43)(M)(ii). Evangelista sought administrative relief from deportation before the INS. In a decision dated April 11, 2000, an Immigration Judge ("IJ") denied the application. The decision of the IJ held, specifically, that Evangelista was convicted of an "aggravated felony," within the meaning of the relevant statute. Further, the IJ held that Evangelista was ineligible for a waiver of deportation pursuant to 8 USC § 1182(c) (referred to by the IJ and hereinafter as "Section 212(c)"). The rejection of the request for a waiver hearing was based on the holding that Section 212(c) was repealed and no longer available to individuals who, like Evangelista, were facing deportation as a result of a conviction dated after the statute's repeal.

Evangelista moved for reconsideration of the decision of the IJ, which application was denied on June 2, 2000. On October 25, 2000, the initial and reconsideration decisions of the IJ were upheld by the Board of Immigration Appeals ("BIA"). The BIA agreed that Evangelista was convicted of an aggravated felony and therefore held that he was subject to removal. The BIA held further that it did not matter that the conduct for which Evangelista was punished took place prior to the effective date of the repeal of Section 212(c); Evangelista was nonetheless ineligible to apply for a waiver of deportation pursuant to the repealed statute.

In September of 2001, Evangelista, having served his full sentence, was released from the custody of the Federal Bureau of Prisons, and, because of the foregoing proceedings, was placed in INS custody. On September 13, 2001, after being placed in the custody of the INS, Petitioner

---

1  Under current law, certain proceedings, formerly known as "deportation" proceedings are now referred to as "removal" proceedings. For purposes of this matter, the court refers to INS attempts to remove Evangelista as either removal or deportation proceedings.

3

commenced a proceeding seeking release. Meanwhile, upon being transferred to the custody of the INS, Evangelista was advised, by notice dated December 3, 2001, that the decision to detain him would be reviewed, after ninety days, by the INS District Director (the "District Director"). Petitioner was advised that any release that might be granted would be dependent upon his ability to demonstrate to the satisfaction of the INS that he neither posed a risk of flight nor was a danger to the community. Evangelista applied for release while the action was pending.

At argument held before this court in October of 2001, counsel informed the court that on December 12, 2001, the District Director would be reviewing Petitioner's claim for release pursuant to an order of supervision under 8 U.S.C. §1231(a)(6). In view of the impending INS action, this court denied the request for release without prejudice to renewal after the INS determination.

In a decision issued in January 2002, the District Director denied Petitioner's request for release. In support of its decision, the INS cited Evangelista's history of involvement in criminal activities, which involvement spanned several years, as well as his behavior during his incarceration. These factors led the INS to conclude that Evangelista would present a threat to the community. Accordingly, the request for bail was denied.

In view of the INS decision to deny Petitioner's request for release, he renewed the application previously denied without prejudice by this court. In May of 2002, this court issued an opinion denying Petitioner's request for a writ of habeas corpus releasing him from custody pending a decision on the merits of his claim.

In the context of his habeas proceeding, Evangelista argued that he was not convicted of an aggravated felony within the meaning of the relevant statute. He also argued that, because the

conduct for which he was convicted and his entry of a plea of not guilty took place prior to the repeal of Section 212(c), he remained entitled to a discretionary relief from deportation hearing. A prior opinion of this court held that neither claim had merit. This court held that Evangelista was, indeed, convicted of an "aggravated felony," in the form of his conviction, after a jury trial on the counts referred to above. The court further held that Evangelista was not eligible for relief from deportation, and largely because he did not plead guilty, but was, instead, convicted after trial, he had no right to a Section 212(c) hearing. Finally, the court held that a remand to the Board of Immigration Appeals was not warranted. Today, Evangelista remains in the custody of the INS pending deportation.

II.     The Present Application

Evangelista's present application for relief from his 1996 conviction comes in the form of a petition for a writ of error coram nobis. Evangelista first petitioned the court for coram nobis relief in 2009, in a case filed under docket number 09-2092. That case was later closed due to inactivity. Thereafter, in 2011, the present coram nobis application, filed under docket number 11-5085, was commenced. In the context of this coram nobis proceeding Evangelista argues that his conviction on count 26 of the indictment – the charge of evasion of personal income tax – was wrongfully decided, and requires the grant of his petition. He raises what he refers to as a "corresponding" ineffective assistance of counsel claim based upon the failure of Evangelista's prior attorneys to recognize and raise the argument raised here, i.e., that Evangelista actually did not owe the tax alleged when his 1987 personal income taxes were filed in 1991. The court turns now to consider the merits of this latest application.

## DISCUSSION

I.  Legal Principles

This court has jurisdiction, under the All Writs Act, 28 U.S.C. § 1651(a), to grant a petition for error coram nobis, where "extraordinary circumstances are present." Nicks v. United States, 955 F.2d 161, 167 (2d Cir.1992); Echendu v. United States, 2003 WL 21653370 *4 (E.D.N.Y. 2003). Coram nobis, referred to as a remedy of "last resort," Echendu, 2003 WL 21653370 *4, is not a substitute for appeal, and relief is "strictly limited" to cases "in which 'errors ... of the most fundamental character' have rendered the proceeding "irregular and invalid.' " Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (citations omitted). The burden of proving the right to coram nobis relief lies with the petitioner Id. at 79. Such relief may be granted only where the petitioner shows that: (1) circumstances compel such action to achieve justice, (2) there are "sound reasons" for failing to earlier seek relief, and (3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. at 78.

District courts decide the timeliness of a coram nobis petition, i.e., whether there are "sound reasons" for delaying in bringing the petition, "in light of the circumstances of the individual case." Echendu, 2003 WL 21653370 *6. Specifically, the court considers particular reasons as to why the petitioner failed to earlier raise the issues set forth in the coram nobis petition. In the absence of justifiable circumstances for delay, the petition is properly dismissed. See Nicks, 955 F.2d at 167–68. Thus, where "sound reasons" for delay are not present, coram nobis petitions filed several years after conviction are properly dismissed as untimely. See, e.g., Foont, 93 F.3d at 80 (five year delay); Echendu, 2003 WL 21653370 *7 (five year delay);

6

Mastrogiacomo v. United States, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001) (three year delay). The "critical inquiry," is whether the petitioner "knew or should have known" earlier of facts underlying the claim for coram nobis relief. Foont v. United States, 93 F.3d at 78; see also Weichert v. United States, 458 F. Supp.2d 57, 63 (N.D.N.Y. 2006).

II. Disposition of the Petition

The court considers first the issue of the timeliness of the present petition. Evangelista was convicted in 1996, and has faced deportation proceedings since 1999. Thus, the present petition was not filed until fifteen years after the conviction, and twelve years following the institution of deportation proceedings. Even if the court were to consider the coram nobis proceeding as having been commenced in 2009 – the date of the filing of Evangelista's initial coram nobis petition – the delay would be calculated as thirteen years after the conviction and ten years after the institution of deportation proceedings.

The burden of coming forward with a reason for such long delay lies with Petitioner who must, as noted above, show "sound reason" for the delay. He has not. Indeed, the only reason set forth is that prior counsel "failed to appreciate" the newly raised legal argument, and that the failure to appreciate this argument led to the conviction, and to the charges of ineffective assistance.

Evangelista was represented at trial by counsel who delved into the basis of the government's charge of personal income tax evasion set forth in Count 26 of the indictment. The jury, considering all of the evidence after a thirteen day trial, convicted Evangelista of this and other counts of tax evasion. Petitioner fails completely to show any reason why any argument raised here was not raised on appeal or by way of earlier collateral attack. All issues raised,

whether based on the validity of the count 26 conviction or the alleged ineffective assistance of counsel, were known or at the very least, should have been known to Petitioner at or shortly following the trial and appeal. Coram nobis, is not a substitute for appeal and Petitioner shows no sound reason for the long delay in rasing the issues raised here. Allowing this petition to go forward would allow a new application to be considered each time a petitioner chooses to raise a legal theory that could, and should have been earlier raised. That is not the purpose of coram nobis relief. The application is dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the request for issuance of a writ of coram nobis is denied. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
September 4, 2012

8